# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BARRY THORPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04 C 3040 |
| ) | Judge George M. Marovich |
| ANDREW W. LEVENFELD, ) | |
| LEVENFELD & THORPE, LLC, ) | |
| ANDREW W. LEVENFELD AND ) | |
| ASSOCIATES, LTD. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Barry Thorpe ("Thorpe") filed a six-count complaint against defendants Andrew W. Levenfeld ("Levenfeld"), Levenfeld & Thorpe, LLC ("Levenfeld & Thorpe") and Andrew W. Levenfeld and Associates, Ltd. ("Levenfeld & Associates"). In his first amended complaint, Thorpe asserts state law claims for fraudulent inducement, constructive fraud, breach of fiduciary duty, breach of contract, accounting, promissory estoppel and unjust enrichment.[1] Defendants move pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing plaintiff's claims. For the reasons set forth below, the Court grants in part and denies in part defendants' motion to dismiss.

---

[1] This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the plaintiff and all defendants, and the amount in controversy, exclusive of interest and attorneys fees, is greater than $75,000. The plaintiff is a citizen of Florida, while the defendants include a citizen of Indiana and two corporations formed and operating in Illinois.

I.  **Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in the first amended complaint (the "complaint"). The Court also considers the Operating Agreement of Levenfeld & Thorpe, LLC (the "Agreement") attached to and referred to in plaintiff's first amended complaint. *See* Fed. R. Civ. P. 10(c).

As alleged in the complaint, the relevant facts are as follows. Both defendant Levenfeld and plaintiff Thorpe are attorneys licensed to practice in the state of Illinois. Thorpe's specialties are securities and corporate law. Levenfeld & Thorpe was a limited liability company that had its principal place of business in Illinois. Levenfeld & Associates was a professional corporation organized and with its principal place of business in Illinois. Levenfeld & Thorpe and Levenfeld & Associates were each formed to engage in the practice of law.

As of early 2001, Thorpe worked as an attorney at Levenfeld & Associates, where he had worked for about three years. At about that time, Thorpe informed Levenfeld that Thorpe had received offers to work for other law firms. Thorpe alleges that in order to keep Thorpe from leaving Levenfeld & Associates, Levenfeld told Thorpe that he would make Thorpe a partner in the firm and that Thorpe would be considered to have had an ownership interest in Levenfeld & Associates dating back to January of 2001. Levenfeld also told Thorpe that the ownership interest would carry over to Levenfeld & Thorpe, a new limited liability company that Levenfeld and Thorpe would form.

Thorpe and Levenfeld formed Levenfeld & Thorpe in June 2001, when they signed the Agreement, which created the entity and detailed the structure of the organization. In the three months leading up to June 2001, Thorpe and Levenfeld discussed at the offices of Levenfeld &

Associates how Levenfeld & Thorpe would be organized. Levenfeld represented to Thorpe that (among other things) Levenfeld would have a 25% ownership interest, that Levenfeld would manage the affairs of the practice in a fair and equitable manner, that Thorpe would be paid a salary and distribution and that Thorpe would receive benefits. They signed the Agreement in June 2001.

In early 2003, Levenfeld informed Thorpe that he was dissolving Levenfeld & Thorpe. Thorpe alleges both 1) that Levenfeld informed Thorpe that Levenfeld would not pay him the compensation and distributions to which he was entitled and 2) that, in fact, Levenfeld failed to make such payments. Thorpe alleges he was intentionally forced out of the entities because Levenfeld knew that they were about to receive substantial fees from which Thorpe would have to be paid.

Based on these allegations, Thorpe asserts claims for fraudulent inducement, breach of fiduciary duty, constructive fraud, breach of contract, accounting, promissory estoppel and unjust enrichment.

## II. Standards on a motion to dismiss

The Court may dismiss claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss under this Rule is to test the sufficiency of the complaint, not to rule on its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The Federal Rules of Civil Procedure generally require simple notice pleading. Fed.R.Civ.P. 8(a). Certain allegations, however, must be stated with particularity. For example, Federal Rule of Civil Procedure 9(b) mandates that "all averments of fraud" must be "stated with particularity." Fed.R.Civ.P. 9(b).

### III. Discussion

In this diversity action, the parties implicitly agree that Illinois law applies to the state common-law claims. The duty of a federal court considering a diversity case is "to predict what the state's highest court would do if presented with the identical issue." *Taco Bell Corp. v. Continental Casualty Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004).

#### A. Plaintiff's fraudulent inducement claim

In Count I, plaintiff asserts a claim for fraudulent inducement. Plaintiff alleges that Levenfeld made several misrepresentations in order to induce plaintiff to enter the Agreement. Specifically, plaintiff alleges that Levenfeld made the following misrepresentations: that he would give plaintiff a 25% interest in Levenfeld & Associates retroactive to January 2001; that such interest would carry over to Levenfeld & Thorpe; that Levenfeld would manage the affairs of the law practice in a fair and equitable manner; that Levenfeld would authorize Thorpe's salary, draw and profit distributions; that profit distributions would be made in accordance with each party's ownership interest and at the same times for both parties; that Thorpe would receive fringe benefits; that Levenfeld would not seek reimbursement for any but legitimate business

expenses; and that Levenfeld would manage the firm in a fair and responsible manner. Defendants move to dismiss this claim on the grounds that, as a matter of law, plaintiff could not have reasonably relied on Levenfeld's alleged statements.[2]

Under Illinois law, the elements of a claim for fraudulent inducement are: "a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 881-882 (7th Cir. 2005) (quoting *Capiccioni v. Brennan Naperville, Inc.*, 339 Ill.App.3d 927, 791 N.E.2d 553, 558 (2003)).

In order to meet the reliance element, a plaintiff must not only rely on the misstatement but must be justified in so doing. *Davis*, 396 F.3d at 882. Sometimes, reliance is unreasonable as a matter of law. Where, for example, a party "could have discovered the fraud by reading the instrument and had an opportunity to do so[,]" such reliance is "unreasonable as a matter of law, so that the contract stands as written." *GreatAmerica Leasing Corp. v. Cozzi Iron & Metal, Inc.*, 76 F. Supp.2d 875, 878 (N.D. Ill. 1999) (quoting *Kolson v. Vembu*, 869 F. Supp. 1315, 1322 (N.D. Ill. 1994)). A party's failure to "learn the contents of documents before signing" is "inexcusable." *Kolson v. Vembu*, 869 F. Supp. 1315, 1322 (N.D. Ill. 1994) (reliance on alleged misrepresentation about contract term was unreasonable as a matter of law because the party

---

[2]The fraudulent inducement claim alleges misrepresentations made by only defendant Levenfeld. To the extent plaintiff intended to bring a claim against the other defendants, such claim is dismissed for failure to state a claim.

could have noticed the absence of the term in the written agreement by reading the document).

As the Appellate Court of Illinois has explained, a party:

> is not justified in 'relying on representations outside of or contrary to the contract he or she signs where the signer is aware of the nature of the contract and had a full opportunity to read the contract.' A party cannot close its eyes to the contents of a document and then claim that the other party committed fraud merely because it followed this contract. The application of this rule is particularly appropriate where the parties to the agreement are sophisticated business persons, as were all of those involved here.

*Northern Trust Co. v. VIII South Mich. Assoc.*, 657 N.E. 2d 1095, 1103 (Ill. App. 1st Dist. 1995) (internal citations omitted); *see also McInerney v. Charter Golf, Inc.*, 176 Ill.2d 482, 493 (Ill. 1997) ("Our plaintiff . . . is a salesman–a sophisticated man of commerce–and arguably should have realized that his employer's oral promise was unenforceable under the statute of frauds and that his reliance on that promise was misplaced."); *cf. Great America Leasing*, 76 F. Supp.2d at 879 ("There is no justifiable or reasonable reliance . . . where a sophisticated business fails to take the time to read the plain and intelligible language of a short and simple contract, but relies instead on what we must assume to be the misstatements of a salesperson.").

The Agreement states, "This Agreement represents the entire agreement among all Members and between the Members and the Company." The alleged misrepresentations all fall within at least one of the following categories: terms that should be in the fully-integrated Agreement if they are to be enforced; terms that are in the Agreement already; or terms that are contrary to the Agreement. With respect to the terms that are in the Agreement, if one of more defendants has breached the term, plaintiff's remedy is for breach of contract, not fraud in the inducement. As to the remaining alleged misrepresentations, Thorpe could have (and presumably did) read the Agreement before signing it. His reading of the Agreement should

have clued him in to the fact that certain terms were and others were not present in the Agreement. (Thorpe has, after all, alleged that he is a licensed attorney experienced in corporate law, among other things.) His reliance on contrary misrepresentations or on additional terms was unreasonable as a matter of law.[3]

Accordingly, plaintiff's Count I for fraudulent inducement is dismissed with prejudice.

### B. Breach of fiduciary duty and constructive fraud

Plaintiff brings Count II for breach of fiduciary duty and constructive fraud. Defendants argue that Thorpe has not properly alleged a breach of fiduciary duty and that Thorpe has failed to plead constructive fraud with particularity.

*Breach of fiduciary duty*

Under Illinois law, a plaintiff must plead three elements to allege a breach of fiduciary duty: (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damages proximately resulting from the breach. *Zurich Capital Markets Inc. v. Coglianese*, Case No. 03 C 7960, 2004 U.S. Dist. LEXIS 14908 at *83 (N.D. Ill. Aug. 2, 2004). Under the notice pleading requirements of the Federal Rules of Civil Procedure, plaintiff has adequately pleaded each of these elements. Defendants, however, argue that plaintiff is required to make additional allegations because of the Illinois Limited Liability Company Act.

---

[3] The Court does not mean to suggest that a plaintiff cannot bring a fraudulent inducement claim in the face of an integration clause. *Vigortone AG Products, Inc. v. PM AG Products, Inc.*, 316 F.3d 641, 644 (7th Cir. 2003) ("the majority rule is that an integration clause does not bar a fraud claim."). The issue here is reasonable reliance. Under certain circumstances, one might be justified in relying on misrepresentations despite an integration clause. But where, as here, the alleged misrepresentations concern the terms present in and absent from the Agreement, any reliance is unreasonable as a matter of law.

The Illinois Limited Liability Company Act ("ILLCA") creates default rules but allows limited liability companies to contract around many of the provisions via operating agreements. *See* 805 ILCS 180/15-5 ("Except as provided in subsection (b) of this Section, an operating agreement may modify any provision or provisions of this Act governing relations among the members, managers, and company."). Some agreements, however, remain taboo under the ILLCA. For example, an operating agreement cannot "eliminate or reduce a member's fiduciary duties, but may . . . identify specific types or categories of activities that do not violate these duties, if not manifestly unreasonable." *See* 805 ILCS 180/15-5(b)(6)(A). Based on this section, defendants argue that plaintiff must allege that the operating agreement is manifestly unreasonable in order to plead properly a claim for breach of fiduciary duty. Defendants' argument is not well-taken. Because the defendants have not directed the Court to any provisions in the Agreement which set out "specific types of categories or activities" that do not violate fiduciary duties, the Court fails to see why plaintiff should be required to plead that such provisions are manifestly unreasonable. The Court will not dismiss the breach of fiduciary duty claim on this ground.

*Constructive Fraud*

Second, defendants argue that Thorpe has failed to plead constructive fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 9(b) mandates that "all averments of fraud" must be "stated with particularity." Fed.R.Civ.P. 9(b). The purpose of Rule 9(b)

> is to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual. In the typical commercial case there is a substantial interval between the filing of the complaint and the completion of enough pretrial

> discovery to enable the preparation and disposition of a motion by the defendant for summary judgment. Throughout that period a claim of fraud will stand unrefuted placing what may be undue pressure on the defendant to settle the case in order to lift the cloud on its reputation. The requirement that fraud be pleaded with particularity compels the plaintiff to provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless. It also forces the plaintiff to conduct a careful pretrial investigation and thus operates as a screen against spurious fraud claims.

*Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748-749 (7th Cir. 2005). The Rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994). Put another way, the Rule calls for the plaintiff asserting fraud to allege the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

A constructive fraud is "any act, statement or omission which amounts to positive fraud or which is construed as a fraud by the courts because of its detrimental effect upon public interests and public or private confidence." *Vega v. Contract Cleaning Maintenance*, Case No. 03 C 9130, 2004 WL 2358274 at * 11 (N.D. Ill. Oct. 18, 2004) (quoting *In re Estate of Neprozatis*, 378 N.E.2d 1345, 1349 (Ill. App. Ct. 1st Dist. 1978). Only the misrepresentations or omissions need be pleaded with particularly. *See Frey v. Workhorse Custom Chassis LLC*, Case No. 03-1896, 2005 WL 775927 at *12 (S.D. Ind. March 25, 2005). In plaintiff's Count II, plaintiff incorporates by reference the earlier allegations in the complaint, and those earlier allegations include the who (Levenfeld); what (particular statements–on such topics as salary, draw, distributions, benefits and expenses–regarding how Levenfeld and Thorpe would operate); when (April to June 2001); where (in the offices of Levenfeld & Associates) and how (oral

statements). (First Am. Complt. ¶¶ 15-16; 28-30). Accordingly, plaintiff has pleaded the alleged misrepresentations with particularity. (Whether these alleged misstatements amount to constructive fraud is another question, but it is not a question defendants ask the Court to address at this point.)

Accordingly, the Court denies defendants' request to dismiss Count II.

### C. Breach of the written contract

Next, defendants argue that plaintiff's Count III fails to state a claim for breach of contract. Under Illinois law, a plaintiff must allege four elements for a breach of contract claim: (1) a valid and enforceable contract; (2) that plaintiff performed according to the contract; (3) that defendant breached the contract; and (4) that the breach resulted in damages. *The Sharrow Group v. Zausa Dev. Corp.*, Case No. 04 C 6379, 2004 U.S. Dist. LEXIS 24497 at *9 (N.D. Ill. December 3, 2004). Because plaintiff has alleged each of these elements, the Court denies defendants' motion to dismiss with respect to Count III.

### D. Equitable accounting

Defendants also argue that Count IV should be dismissed because plaintiff has failed properly to plead equitable accounting. "An equitable accounting is an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due." *Triple Canopy, Inc. v. Moore*, Case No. 04 C 3265, 2005 WL 169768 at * 5 (N.D. Ill. July 1, 2005). Under Illinois law, the elements of equitable accounting are: a) the absence of an adequate remedy at law; and b) one or more of the following: 1) breach of fiduciary duty; 2) fraud; 3) need for discovery; or 4) complex mutual accounts. *Triple*, 2005 WL 1629768 at * 5.

In this case, Thorpe has sufficiently alleged a breach of fiduciary duty but has not alleged the absence of an adequate remedy at law. Accordingly, Count IV is dismissed without prejudice, and Thorpe is granted leave to amend Count IV.

### E. Promissory estoppel and unjust enrichment in the alternative

Next, defendants argue that plaintiff's claims for promissory estoppel (Count V) and unjust enrichment (Count VI) should be dismissed because one cannot recover both on a contract and on a quasi-contractual claim. Under Illinois law, a party who prevails on a contract claim cannot prevail on a promissory estoppel or unjust enrichment theory. *See Dumas v. Infinity Broadcasting Corp.*, 416 F.3d 671, 677 (7th Cir. 2005) ("'[p]romissory estoppel is not a doctrine designed to give a party . . . a second bit at the apple in the event it fails to prove a breach of contract.' Under Illinois law, a claim for promissory estoppel will only succeed where all the other elements of a contract exist, but consideration is lacking.") (internal citations omitted); *Triple Canopy*, 2005 WL 1629768 at * 14 ("a claim for unjust enrichment is based upon an implied, rather than a specific contract. Accordingly, 'where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'") (citations omitted).

Despite these principles, the Federal Rules of Civil Procedure still allow Thorpe to plead in the alternative breach of contract and promissory estoppel and/or unjust enrichment. *See* Fed.R.Civ.P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Because

Thorpe is allowed to plead his Counts V and VI as alternatives to Count III, the Court denies defendants' motion to dismiss with respect to Counts V and VI.

### F. Statute of Frauds does not prohibit claims against Levenfeld & Associates

Finally, defendants argue that the claims against Levenfeld & Associates should be dismissed because due to the statute of frauds. Plaintiff alleges that he was promised a 25% interest in Levenfeld & Associates, retroactive to January 2001. Defendants argue that the claims against Levenfeld & Associates should be dismissed because the alleged contract is a contract for the sale of stock, and contracts for the sale of stock are covered by the statute of frauds. The Court rejects this argument for two reasons. First, the Court is not convinced defendant has the law right. *See* 810 ILCS 5/8-113 ("A contract or modification of a contract for the sale or purchase of a security is enforceable whether or not there is a writing signed or record authenticated by a party against whom enforcement is sought, even if the contract or modification is not capable of performance within one year of its making."); *Ogdon v. Hoyt*, Case No. 04 C 2412, 2005 WL 66039 at * 6 (N.D. Ill. Jan. 11, 2005) ("the court finds that pursuant to the clear language of 810 ILCS § 5/8-113 the statute of frauds does not apply to sales of securities, regardless of whether the trade is made on a securities exchange."). Second, it is not clear from the complaint that the alleged contract must be considered a contract for the sale of stock, as opposed to a contract for services. Accordingly, defendants' attempt to dismiss claims on statute of frauds grounds cannot succeed.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss. The Court denies the motion with respect to Counts II, III, V and VI. The

Court dismisses Count I with prejudice. Finally, the Court dismisses Count IV without prejudice and grants plaintiff leave to file a second amended complaint within 21 days.

                ENTER:

                _____
                George M. Marovich
                United States District Judge

DATED: September 29, 2005